GOODMAN et al. v. ROTH.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

REFERENCE (§ 18*)—ACCOUNTING—CONDITION OF CAUSE—DETERMINATION OF ISSUES.

Where it is alleged that among the assets transferred to defendant for which an accounting is sought were interests in a patented process and a license to use the same, and defendant denies liability to account for the proceeds of the use of such process, an issue is formed which must be determined by the court before ordering a reference for the accounting.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 24; Dec. Dig. § 18.*]

Appeal from Special Term, New York County.

Action by Fred L. Goodman and others against Ignatz Roth and William A. Goodman. From an interlocutory judgment referring the issues to a referee, defendant Roth appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

I. Gainsburg, for appellant.

Langdon P. Marvin, for respondents.

SCOTT, J. This is an appeal from an order granted on the pleadings, and an interlocutory judgment for an accounting.

The complaint shows, and it is not denied, that plaintiffs assigned all their stock of merchandise and outstanding accounts to appellant to the end that he should settle their financial difficulties, and that he has disposed of the property thus transferred. It is not questioned that an account of these transactions is proper. It is further alleged in the complaint that, among the assets so transferred, was a half interest in a certain patented process and a license to use the same, and that appellant has disposed of the same to his own profit. The defendant denies so much of the complaint in this regard as charges him with liability to account for the proceeds of the use of the patent and license. These denials raise an issue of fact which must be decided before an account of such proceeds can be required. The interlocutory judgment appoints a referee to take and state the defendant's accounts, and then contains this clause:

"Ordered and adjudged that all further issues in this action, including all matters relating to the scope of the aforesaid accounting, be and the same hereby are referred to said referee to hear and determine the same."

The apparent purpose of this clause is to refer to the referee the question whether or not the appellant is required to account for the matters concerning which he denies his liability to account. So much of the judgment was unauthorized. It is the duty of the court, in the first instance, to determine the issues affecting the scope of the accounting, and send to a referee only the duty of taking the account within the lines laid down by the court. There is nothing to show that the issue whether or not appellant can be required to account for the proceeds of the patented process and license is one which cannot prop-

erly and conveniently be tried by the court, although, doubtless, if such an accounting should be ordered, it may require the assistance of a referee.

The order and judgment appealed from must therefore be reversed, with costs and disbursements, and the action remitted to the Special Term for appropriate action. All concur.